IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE ROY BROWN, SR., #1098499, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director § <br> TDCJ-CID, § <br> Respondent. § | CIVIL CASE NO. 3:17-CV-2135-D-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* motion for leave to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the United States magistrate judge. *See* 28 U.S.C. 636(b) and *Special Order 3*. For the reasons that follow, the motion for leave to file (which was docketed as a habeas corpus petition) should be **DENIED**.

In 2002, Petitioner was convicted of aggravated assault and sentenced to 27 years' imprisonment in Orange County Texas. Doc. 2 at 1-2. Because of numerous, repetitive and frivolous motions seeking authorization to file a successive section 2254 application, the United States Court of Appeals for the Fifth Circuit sanctioned him $500.00 and barred him from filing in the Court of Appeals for the Fifth Circuit, or any court subject to that court's jurisdiction, any pleadings that challenge his underlying conviction and sentence. *In re Brown*, No. 16-41268 (5th Cir. Jan. 20, 2017) (a copy of which is attached).

Even when liberally construed, Petitioner's motion for leave to file does not assert any facts that warrant granting leave to file in this Court what is, essentially, a successive habeas petition. Petitioner merely reasserts a claim under the Double Jeopardy Clause, which was

presented in a prior section 2254 application and rejected. *See In re Brown*, No. 16-41268, slip op at 1. That said, Petitioner must seek leave from the Court of Appeals for the Fifth Circuit Court to file a successive application challenging his conviction. Thus, his request should have initiated in the appellate court.

Accordingly, Petitioner's motion for leave to file, Doc. 2, should be **DENIED**. Further, upon acceptance of this recommendation, the case should be **CLOSED.**

**SO RECOMMENDED** August 29, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41268

In re: GEORGE ROY BROWN, SR.,

                Movant

Motion for an order authorizing
the United States District Court for the
Eastern District of Texas, Beaumont to consider
a successive 28 U.S.C. § 2254 application

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:

    George Ray Brown, Sr., Texas prisoner #1098499, moves for authorization to file a successive 28 U.S.C. § 2254 application to challenge his 27-year sentence for aggravated assault. In his proposed application, Brown contends that, despite being acquitted in his first trial, he was retried for the same crime in violation of the Double Jeopardy Clause. He also argues that the trial court lacked jurisdiction over his retrial because the indictment was "without a written transfer order." Brown further contends that his counsel rendered ineffective assistance by failing to file a motion for mistrial based on prosecutorial misconduct.

    We do not consider Brown's claim that he was prosecuted in violation of the Double Jeopardy Clause because this claim was presented in a prior § 2254 application. *See* 28 U.S.C. § 2244(b)(1). Brown's remaining claims concern matters that occurred at trial or before Brown filed his § 2254 application in

2005, and he has not shown that he did not know, or could not have learned through due diligence, the factual predicate for these claims prior to filing his initial § 2254 application. He therefore has not shown that his claims rely on a previously unavailable factual predicate or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2244(b)(2)(A). Accordingly, IT IS ORDERED that Brown's motion for authorization to file a successive § 2254 application is DENIED. Brown's motion to vacate judgment, which we construe as a memorandum in support of his successive motion, is DENIED for the same reasons.

Despite previous sanctions, the most recent being $400, Brown continues to file repetitive and frivolous motions seeking authorization to file a successive § 2254 application. *See In re Brown*, No. 12-40921 (5th Cir. Feb. 13, 2013). Because Brown has again failed to heed our warnings, IT IS FURTHER ORDERED that a SANCTION IS IMPOSED. Brown is ORDERED to pay a monetary sanction in the amount of $500, payable to the clerk of this court. Brown is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleadings that challenge the aforementioned conviction and sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Brown is further CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional and increasingly severe sanctions.

A True Copy
Certified order issued Jan 20, 2017

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit